UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

**Lisa Barrett**,

    Plaintiff,

    vs.

**DMR Corp**., d/b/a Route 44 Toyota, and
**John Doe #1**, alias,

    Defendants.

---

## COMPLAINT

### Introduction

1.     The Defendants invaded the Plaintiff's privacy by obtaining and viewing her credit report without her permission. The Defendants thereby violated the federal Fair Credit Reporting Act, 15 USC § 1681 *et.seq*., and Massachusetts' invasion of privacy statute, MGL 214, § 1B. The Plaintiff seeks actual, statutory and punitive damages, as wells as attorney fees, pursuant to the federal act and actual damages pursuant to the state statute.

### Parties/Jurisdiction/Venue

2.     The Plaintiff Lisa Barrett (Barrett) is an adult resident of the Town of Plymouth, County of Plymouth, Commonwealth of Massachusetts.

3.     The Defendant DMR Corp. (DMR) is a business entity, organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in the Town of Raynham, County of Bristol, Commonwealth of Massachusetts.

4.      DMR does business using the name Route 44 Toyota.

5.      The Defendant John Doe #1 is an adult individual whose identity is unknown to Barrett but known, or knowable, to DMR.

6.      The federal claims asserted in this Complaint arise under and pursuant to the Fair Credit Reporting Act (FCRA), codified at 15 U.S.C.§ 1681 *et. seq.*.

7.      This Court has jurisdiction over the federal law claims in this litigation pursuant to the FCRA, specifically 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

8.      The state law claim is so related to federal claims in the action that they form part of the same case or controversy and this court therefore has supplemental jurisdiction over the state law claim pursuant to  28 U.S. Code § 1367.

9.      Venue is proper in this District pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1391(b) and (c).

**Factual Allegations**

**Barrett Contacted Route 44 Toyota**

10.     In February 2017, Barrett spoke with an unknown male agent or employee of DMR's auto dealership in Rynham, John Doe #1, regarding possibly purchasing a car from DMR.

11.     John Doe #1 spoke with Barrett while acting within the scope of his employment as a salesperson for DMR.

12.     DMR authorized John Doe #1 to speak with Barrett while acting within the scope of his employment as a DMR salesperson.

13.     DMR, acting through John Doe #1, asked Barrett for her Social Security number but Barrett refused to provide it.

14.     At the time she spoke with John Doe #1, and at all times subsequent to that, Barrett:

      a.  did not owe DMR or John Doe #1 money;

      b.  was not seeking credit from DMR or John Doe #1;

      c.  did not complete a credit application for DMR or John Doe #1;

      d.  did not sign anything authorizing DMR or John Doe #1 to obtain a copy of her credit report; and

      e.  did not authorize DMR, or John Doe #1, to obtain a copy of her credit report.

**The Defendants Obtained Barrett's Credit Report**

15.     On or about February 14, 2017, DMR requested and obtained Barrett's credit report, a "consumer report" as that term is defined in the FCRA, from TransUnion, a "consumer reporting agency" (CRA) as that term is defined in the FCRA.

3

16.     On or about February 14, 2017, John Doe #1 requested and obtained Barrett's credit report, a "consumer report" as that term is defined in the FCRA, from TransUnion, a "consumer reporting agency" (CRA) as that term is defined in the FCRA.

17.     Based on the information being reported on at least one of her credit reports, Barrett asserts DMR, acting through John Doe #1 or another unknown person, told TransUnion that she was seeking a car loan from DMR.

18.     John Doe #1 lied, or made false statements or false representations, to the CRA to obtain Barrett's credit report.

19.     DMR lied, or made false statements or false representations, to the CRA to obtain Barrett's credit report.

20.     DMR did not have a lawful purpose for requesting, obtaining, and/or using Barrett's credit report from a CRA, and therefore its request, acquisition and use of the credit report was in violation of the FCRA.

21.     John Doe #1 did not have a lawful purpose for requesting, obtaining, and/or using Barrett's credit report from a CRA, and therefore his request, acquisition and use of the credit report was in violation of the FCRA.

22.     DMR did not have, or did not enforce, lawful policies and procedures to prevent its employees and/or agents from obtaining credit reports on individuals without having either the individual's permission or a permissible purpose for obtaining such reports.

23.     In the alternative, John Doe #1 did not follow DMR's lawful policies and procedures regarding obtaining credit reports on individuals.

**The Defendants Used Barrett's Credit Report**

24.     DMR hoped to profit financially from the credit report information it sought, and received, from the CRA regarding Barrett.

25.     John Doe #1 hoped to profit financially from the credit report information he sought, and received, from the CRA regarding Barrett.

26.     DMR used Barrett's credit report to inform its decision on whether and how to market its services to Barrett.

27.     John Doe #1 used Barrett's credit report to inform his decision on whether and how to market his services as a salesperson to Barrett.

28.     In the days after obtaining her credit report, DMR placed calls to Barrett marketing its services and soliciting her business.

29.   DMR used Barrett's credit report to market its services to Barrett.

30.   John Doe #1 used Barrett's credit report to market his services to Barrett.

**Application of the FCRA**

31.   DMR's failure to comply with the FCRA when it requested, obtained, and used Barrett's credit report was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA.

32.   In the alternative, DMR's request for, acquisition of, and use of Barrett's credit report constituted the receipt of information on a consumer from a CRA under false pretenses or knowingly without a permissible purpose under the FCRA, as contemplated under 15 U.S.C. § 1681n of the FCRA.

33.   John Doe #1's failure to comply with the FCRA when he requested, obtained, and used Barrett's credit report was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA.

34.   John Doe #1's request for, acquisition of, and use of Barrett's credit report constituted the receipt of information on a consumer from a CRA knowingly without a permissible purpose under the FCRA, as contemplated under 15 U.S.C. § 1681n of the FCRA.

35.     In the alternative, John Doe #1's request for, acquisition of, and use of Barrett's credit report constituted the knowing and willful receipt of information on a consumer from a CRA under false pretenses by a natural person, as contemplated under 15 U.S.C. § 1681n of the FCRA.

**Barrette's Suffered Damages**

36.     After the Defendants obtained her credit report, Barrett applied for credit elsewhere. Two creditors denied her credit explaining the reason for the denial was, among other things, that too many potential creditors had requested her credit report.

37.     Barrett suffered actual damages as a result of the Defendants' conduct including by having her privacy invaded, by having her confidential financial information shared with others, by being subjected to unwanted sales calls, by having her ability to obtain credit harmed and because she suffered mental pain and stress.

**<u>Count I – Negligent Violation of the FCRA</u>**

38.     Barrett reasserts the facts and allegations contained in all the proceeding paragraphs and incorporates them into this Count.

39.     Pursuant to 15 U.S.C. § 1681o, any person, including business entities, who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual

damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

40.   As a result of the Defendants' negligent failure to comply with the FCRA requirement that they have a permissible purpose before obtaining Barrett's credit report before requesting or using it, each Defendant is liable to Barrett in an amount equal to the sum of (i) her actual damages and (ii) the costs of this action together with reasonable attorneys' fees.

**WHEREFORE**, on this Count the Plaintiff Lisa Barrett requests a) a monetary judgment against DMR and John Doe #1 in an amount sufficient to compensate her for her actual damages, b) costs and attorney fees, and c) such other relief as may be just and appropriate.

### Count II – Use of False Pretenses by John Doe #1 in Violation of the FCRA

41.   Barrett reasserts the facts and allegations contained in all the proceeding paragraphs and incorporates them into this Count.

42.   The FCRA makes it a crime to for a person to knowingly and willfully obtain credit reports through false representations, specifically 15 U.S.C. § 1681q states::

> Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both.

43.     Pursuant to 15 U.S.C. § 1681n(a)(1)(B), (2) and (3), any natural person who obtains a consumer report under false pretenses is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

44.     As a result of John Doe #1's request and receipt of Barrette's credit report under false pretenses, John Doe #1 is liable to her in an amount equal to the sum of (i) the actual damages she sustained or $1,000, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

**WHEREFORE**, on this Count the Plaintiff Lisa Barrett requests a) a monetary judgment against John Doe #1 in an amount equal to the greater of the actual damages she suffered or $1,000, b) punitive damages, c) costs and attorney fees, and d) such other relief as may be just and appropriate.

## Count III – Knowing/Willful Violations of FCRA

41.     Barrett reasserts the facts and allegations contained in all the proceeding paragraphs and incorporates them into this Count.

9

43.     Pursuant to 15 U.S.C. § 1681n(a)(1)(A), (2) and (3), any person, including a business entity, who willfully fails to comply with any requirement imposed by the FCRA, including the requirement that it have a permissible purpose before obtaining a person's credit report, is liable to that person in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

44.     As a result of their willfully requesting and receiving Barrette's credit report without a permissible purpose, the Defendants are liable to her in an amount equal to the sum of (i) the actual damages she suffered or damages of not less than $100 and not more than $1,000; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

        **WHEREFORE**, on this Count the Plaintiff Lisa Barrett requests a) a monetary judgments against John Doe #1 and DMR for the actual damages she suffered or damages of not less than $100 and not more than $1,000, b) punitive damages, c) costs and attorney fees, and d) such other relief as may be just and appropriate.

## **Count IV – Invasion of Privacy**

45.     Barrett reasserts the facts and allegations contained in all the proceeding paragraphs and incorporates them into this Count.

46.     The Massachusetts Privacy Act, specifically MGL  214, § 1B, states:

> A person shall have a right against unreasonable, substantial or serious interference with his privacy. The superior court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages.

47.     Obtaining and viewing Barrett's credit report, which contained confidential financial information about her, was an unreasonable, substantial and serious interference with her privacy.

        **WHEREFORE**, on this Count the Plaintiff Lisa Barrett requests a) a monetary judgments against John Doe #1 and DMR in an amount sufficient to compensate her for her damages, b) costs and attorney fees, and c) such other relief as may be just and appropriate.

### **Jury Request**
Barrett hereby requests a jury trial on each and every count.

                                    Lisa Barrett,
                                    By her Attorney,

                                    */s/ John T. Longo*
                                    _____
                                    John T. Longo, Esq./#4928
                                    Citadel Consumer Litigation, PC
                                    996 Smith Street
                                    Providence, RI  02908
                                    (401) 383-7550
                                    Fax (401) 537-9185
                                    jtlongo@citadelpc.com

11